## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>    PLAINTIFF,<br>v.<br><br>RANY KCHAO, individually, and KCHAO & KCHAO HOSPITALITY, LLC. d/b/a WHISPERING PINES BED & BREAKFAST, a corporation,<br><br>  DEFENDANTS. | **CIVIL ACTION NO. CIV-18-807-D**<br><br><br>**COMPLAINT** |

Plaintiff, R. Alexander Acosta, Secretary, United States Department of Labor, brings this action under Sections 16 and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201-219 ("FLSA" or the "Act") to enjoin Defendants from violating the provisions of sections 6, 7, 11, and 15 of the FLSA, 29 U.S.C. §§ 206, 207, 211 & 215, and to restrain Defendants from withholding payment of minimum wage and overtime compensation due  Defendants' employees, named in Exhibit A, for the period of time between October 1, 2015 to July 31, 2017, together with an equal additional amount as liquidated damages.  In support thereof, Plaintiff states as follows:

## I.      THE PARTIES

1.      Plaintiff R. Alexander Acosta is the Secretary of Labor, United States Department of Labor, and is authorized to enforce the provisions of the FLSA, and to recover back wages and seek injunctive relief on behalf of employees employed in violation of the FLSA's minimum wage, overtime, and record keeping provisions. 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2), 215(a)(5), and 217.

2.      Defendant Rany Kchao, an individual, resides in Norman, Oklahoma, within the jurisdiction of this Court, and at all times hereinafter mentioned was the corporate Defendant's General Manager and partial owner and acted directly or indirectly in the interest of the corporate Defendant in relation to its employees by setting policies and procedures, making hiring and firing determinations, making compensation decisions, scheduling shifts and approving time cards and controlling payroll. Rany Kchao suffers or permits employees to work and is an employer as defined in §3(d) of the FLSA, 29 U.S.C. § 203(d).

3.      Defendant, Kchao & Kchao Hospitality, LLC d/b/a Whispering Pines Bed & Breakfast ("Whispering Pines"), is and at all times hereinafter mentioned an Oklahoma corporation with a principal place of business at 7820 E Hwy 9, Norman, OK 73026, within the jurisdiction of this Court, and is and at all times hereinafter mentioned, engaged in operating a full service bed and breakfast establishment and restaurant. Among other things, Defendant Whispering Pines directs the work, exerts supervision and control over workers, suffers and permits workers to work, and acts directly and indirectly in the interests of the workers. Whispering Pines is an employer as defined in §3(d) of the FLSA, 29 U.S.C. § 203(d).

## II.      JURISDICTION AND VENUE

4.      Jurisdiction of this action is conferred upon the Court by sections 16 and 17 of the FLSA, 29 U.S.C. §216 and 217and by 28 U.S.C. §§ 1331 and 1345.

5.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 insofar as the individual Defendant resides in this Judicial District and the corporate Defendant has its principal office in this Judicial District.

### III.    FLSA STATUTORY COVERAGE

6.      At all times hereinafter mentioned, Defendants Whispering Pines and Rany Kchao (collectively "Defendants") have been an enterprise within the meaning of section 3(r) of the Act, 29 U.S.C. § 203(r), in that Defendants have been, through unified operation or common control, engaged in the performance of related activities for a common business purpose.

7.      At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A), in that they have employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that it has an annual gross volume of sales made or business done of not less than $500,000.

### IV.    MINIMUM WAGE VIOLATIONS

8.      Defendants violated the provisions of sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay to certain of their employees, for their employment in an enterprise engaged in commerce or the production of goods for commerce, wages at rates not less than the federal minimum wage since at least October 1, 2015.  For example, with regard to one employee for the period from October 1, 2015 through October 7, 2015, Defendants paid a flat rate of $225.00 for 92.5 hours worked, which resulted in an hourly rate of pay of $2.43, below the required federal minimum wage of $7.25.

### V.    OVERTIME VIOLATIONS

9.      Defendants violated the provisions of sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§  207, 215(a)(2) by employing certain of their employees in an enterprise engaged in commerce or in the production of goods for commerce, since at least October 1, 2015, without

compensating said employees overtime wages for their employment in excess of forty (40) hours in such workweeks. For example, with regard to one employee for the period from October 1, 2015 through October 7, 2015, Defendants paid a flat rate of $225.00 for 92.5 hours worked, which resulted in 52.5 hours of overtime that had to be paid at time-and-a-half the regular rate (here minimum wage). Specifically, the employee is due the half-time premium on the minimum wage ($3.625) for 52.5 hours, or $190.31 in unpaid overtime wages for the specified workweek.

## VI.    RECORD KEEPING VIOLATIONS

10.    Defendants, employers subject to the provisions of the FLSA, violated the provisions of sections 11(c) and 15(a)(5) of the FLSA in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the FLSA and found in 29 C.F.R. Part 516. For example, for the time period from October 26, 2015 to November 8, 2015, for one employee Defendants only kept records showing a flat rate of pay of $450, with no notation for the number of hours worked, the rate of pay or other conditions of employment.

## VII.    PRAYER FOR RELIEF

11.    As a result of the violations alleged in paragraphs 8-10 above, Defendants owe unpaid minimum wages and overtime compensation to certain of Defendants' former employees including but not limited to those persons specifically named in Exhibit A, and incorporated herein by reference, for the period of October 1, 2015 to July 31, 2017.

12.    Defendants have violated the FLSA's minimum wage, overtime, and record-keeping provisions. An order enjoining the alleged violations and restraining the withholding of

unpaid minimum wages and overtime compensation found to be due the employees is specifically authorized by section 17 of the FLSA, 29 U.S.C. § 217. In addition, a judgment for liquidated damages, in an amount equal to the unpaid minimum wages and overtime compensation, is specifically authorized by section 16 of the FLSA, 29 U.S.C. § 216(c).

**WHEREFORE**, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

A.      For an order pursuant to section 17 of the FLSA permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from violating sections 6, 7, 11(c), 15(a)(2), 15(a)(4) and 15(a)(5) of the FLSA;

B.      For an order pursuant to section 16(c) of the FLSA requiring Defendants to pay Plaintiff a sum equal to the unpaid minimum wage and overtime compensation due Defendants' employees for the period from October 1, 2015 to July 31, 2017, and for equal additional amounts as liquidated damages;

C.      In the event liquidated damages are not awarded, an order pursuant to section 17 enjoining and restraining Defendants from withholding payment of unpaid overtime compensation due Defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

D.      A monetary award to Plaintiff for the costs of this action; and

E.      Such other and further relief as this Court deems just and appropriate.

Dated this 21st day of August, 2018.


Respectfully submitted,

Kate S. O'Scanlain, Solicitor of Labor
James E. Culp, Regional Solicitor
John Rainwater, Associate Regional Solicitor
Lydia Tzagoloff, Wage Hour Counsel

*/s/ Gregory W. Tronson*

_____

Gregory W. Tronson, Senior Trial Attorney
CO Bar No. 37678
Attorneys for Plaintiff
United States Department of Labor
Office of the Solicitor
1244 Speer Boulevard, Suite 515
Denver, CO  80204
Telephone: (303) 844-1758
Fax: (303) 844-1753
tronson.gregory@dol.gov