# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

EUGENE SCALIA, Secretary of Labor, )
UNITED STATES DEPARTMENT )
OF LABOR, )
                                            Plaintiffs, )
v. )   Case No. CIV-18-807-D
RANY KCHAO, individually, and )
KCHAO & KCHAO HOSPITALITY, LLC, )
d/b/a WHISPERING PINES BED & )
BREAKFAST, a corporation, )
                                            Defendants. )

## **ORDER**

Before the Court is Plaintiff's Motion for Reconsideration [Doc. No. 44], which seeks relief from the Court's August 20, 2020 Order [Doc. No. 43] granting Defendants leave to file an answer out of time and denying Plaintiff's motion for partial summary judgment [Doc. No. 29] as moot. Defendants have filed a response [Doc. No. 46] to the instant Motion, to which Plaintiff filed a reply [Doc. No. 47]. The matter is fully briefed and at issue.

## BACKGROUND

The procedural history in this case is somewhat convoluted. Plaintiff filed his initial complaint on August 21, 2018 [Doc. No. 1]. Defendants answered on October 2, 2018 [Doc. No. 3]. Plaintiff amended the complaint on October 23, 2018 [Doc. No. 8]. Almost two months later, on December 12, 2018, Plaintiff sought leave to amend the complaint for a second time [Doc. No. 14]. Defendants filed an answer to the first amended complaint on

January 9, 2019 [Doc. No. 15]. A few weeks later, the Court granted Plaintiff leave to amend the complaint on January 28, 2019 [Doc. No. 19]. Plaintiff filed a second amended complaint on February 4, 2019 [Doc. No. 22].

Due to the inadvertence of previous counsel, Defendants did not file an answer to the second amended complaint. On May 15, 2020, Plaintiff filed a motion for partial summary judgment [Doc. No. 29]. Defendants filed a response in opposition on June 3, 2020 [Doc. No. 30], to which Plaintiff replied [Doc. No. 32]. Defense counsel withdrew shortly thereafter on June 17, 2020, and Defendants' new counsel entered their appearances on July 20, 2020. That same day, new counsel sought leave to file an answer to the second amended complaint out of time [Doc. No. 40], which the Court granted [Doc. No. 43] on August 20, 2020.

In the August 20, 2020 Order, the Court denied Plaintiff's motion for partial summary judgment as moot in light of leave granted to Defendants to file an answer to the second amended complaint. The Court stated that although the motion was moot, Plaintiff could reassert the motion as appropriate. In the instant Motion, Plaintiff asks the Court to revisit its ruling, arguing that his initial motion for partial summary judgment is still ripe for determination.

## STANDARD

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'" *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A litigant seeking reconsideration must file either a motion to alter or amend a judgment pursuant to FED. R. CIV. P. 59(e) or a motion seeking relief from a judgment or order pursuant to FED. R. CIV.

P. 60(b). *Id.* "These two rules are distinct; they serve different purposes and produce different consequences. Which rule applies to a motion depends essentially on the time a motion is served." *Id.* Because Plaintiff's motion was filed within 28 days after the Court's August 20, 2020 Order was entered, the Court finds that Rule 59(e) governs its decision. *See* FED. R. CIV. P. 59(e).

Relief under Rule 59(e) may be warranted (1) when there has been a change in the controlling law, (2) when there is new evidence that was previously unavailable, or (3) when necessary to correct clear error or prevent manifest injustice. *See Somerlott v. Cherokee Nation Distrib., Inc.*, 686 F.3d 1144, 1153 (10th Cir. 2012); *see also Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (concluding that Rule 59(e) relief is appropriate where "the court has misapprehended the facts, a party's position, or the controlling law"). It is not an appropriate use of such a motion "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

## DISCUSSION

Plaintiff presents no grounds warranting reconsideration of the Court's Order. Plaintiff's arguments demonstrate nothing more than his disagreement with the Court's prior ruling. Plaintiff has not pointed to any intervening change in the controlling law or new evidence previously unavailable. Instead, Plaintiff relies on the third prong of the *Servants of Paraclete* standard—the need to correct clear error or prevent manifest injustice—as grounds for the instant Motion. But Plaintiff fails to point to any injustice or prejudice that will occur as a result of the Court's ruling. The Court expressly stated that

Plaintiff could file a renewed motion as appropriate. Furthermore, there is no clear error stemming from the Court's Order. As highlighted by Defendants in their response to the instant Motion, district courts have the inherent ability to control the timing of their dockets. Thus, Plaintiff provides no grounds for the Court to reconsider its August 20, 2020 Order. The instant Motion for reconsideration [Doc. No. 44] is **DENIED**.

    **IT IS SO ORDERED** this 30th day of September, 2020.

TIMOTHY D. DeGIUSTI
Chief United States District Judge